## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SUANY CANALES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-360-G |
| | ) | |
| NOE DANIEL MARTINEZ | ) | |
| HERNANDEZ | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Plaintiff Suany Canales filed this action on April 17, 2020, seeking an order directing the return of her minor child to Honduras, alleged to be the child's country of habitual residence, under the International Child Abduction Remedies Act. *See* Compl. (Doc. No. 1). Because the matter is unable to proceed under its present procedural posture, the Court now dismisses the action without prejudice to refiling.

I.   *Background*

Plaintiff was originally represented in this action by attorney M. Shane Henry. Plaintiff requested, and received, two extensions of the service deadline prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. *See* Order of Aug. 19, 2020 (Doc. No. 11), at 2; Order of Sept. 22, 2020 (Doc. No. 13), at 4. Following several unsuccessful attempts to personally serve Defendant Noe Daniel Martinez Hernandez, Plaintiff filed a Proof of Service (Doc. No. 18), together with an Affidavit of Due Diligence (Doc. No. 14) averring that Defendant had been served by publication in accordance with Oklahoma law. *See*

Okla. Stat. tit. 12 § 2004(C)(3)(a).  Defendant never appeared in the action, however, and

Mr. Henry has stated to the Court that Defendant's whereabouts are unknown.

On December 22, 2020, Mr. Henry moved to withdraw from representing Plaintiff.

*See* Motion to Withdraw (Doc. No. 19).  The Court granted Mr. Henry's motion on March

11, 2021, subject to the requirement that Mr. Henry continue to accept service of papers on

Plaintiff's behalf for a 30-day period.  *See* Order of March 11, 2021 (Doc. No. 20) at 1.

The Court further directed Plaintiff "to enter her appearance, either pro se or through other

counsel, within 14 days."  *Id.*  The Court advised Plaintiff that failure to enter her

appearance within 14 days could result in dismissal.  *Id.* at 2.

Plaintiff's 14-day window expired on March 25, 2021, and Plaintiff has not entered

her appearance in compliance with the Court's Order.

## II.    Discussion

As the matter stands, Plaintiff is not represented by counsel and has not followed

the steps necessary to proceed pro se, that is on her own behalf, despite being given an

opportunity (and indeed ordered) by the Court to do so.  Under Federal Rule of Civil

Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court

order," the Court may dismiss the action.  *See* Fed. R. Civ. P. 41(b).  The Tenth Circuit

"ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for

a plaintiff's failure to prosecute."  *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915,

916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp.*

*v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district

court undoubtedly has discretion to sanction a party for failing to prosecute or defend a

case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)).  If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order.  *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted); *see Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Plaintiff's failure to prosecute her action or comply with the Court's March 11, 2021 Order leaves the Court unable "to achieve [an] orderly and expeditious" resolution of this action.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative).  Accordingly, this action is DISMISSED WITHOUT PREJUDICE.  In other words, while this action must be terminated, should Plaintiff decide to pursue the serious allegations laid out in her Complaint—and, in particular, if she should learn any information regarding the location of Mr. Hernandez and/or the child—she may initiate another action in this court if appropriate or any other court that has jurisdiction to grant relief.

IT IS SO ORDERED this 30th day of March, 2021.

_____
CHARLES B. GOODWIN
United States District Judge